IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARCIA L. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-4188-CV-NKL |
| ) | |
| DOLLAR GENERAL CORPORATION, ) | |
| and DOLGENCORP, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Plaintiff Marcia L. Smith brings this action against Defendants Dolgencorp, LLC ("Dolgencorp"), and Dollar General Corporation ("Dollar General") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Before the Court is Defendants' Motion for Summary Judgment [Doc. # 59]. For the following reasons, the motion is GRANTED.

**I.    Factual Background**[1]

Dolgencorp is a wholly owned subsidiary of Dollar General. Dolgencorp hired Plaintiff Smith on October 16, 2006, as a Warehouse Management Systems Administrator ("WMS Administrator") at its Fulton, Missouri, Distribution Center. Plaintiff was 55 years

---

[1] The Court has considered the parties' statements of undisputed fact which are supported by evidence. In considering each party's motion, the Court has drawn all inferences in favor of the non-movant.

old at the time she was hired. Paul Saltzman and LeWanda Jackson also held positions as WMS Administrators at the Fulton Distribution Center. Mr. Saltzman's employment at the Fulton Distribution Center began on February 28, 2005 (over a year and a half before Plaintiff was hired), although he was not promoted to WMS Administrator until March 16, 2007, after having participated in Dolgencorp's Leadership Development Program. Ms. Jackson's employment at the Fulton Distribution Center began on May 25, 1999, and she was promoted to WMS Administrator on December 15, 2001.

In early 2009, Dolgencorp decided to eliminate 13 full-time exempt positions at its Fulton Distribution Center. As part of this reduction in work force, it was determined that one of the three WMS Administrator positions would be eliminated. Dolgencorp claims that it selected which positions to eliminate by considering each employee's tenure with the company, potential for future job growth, and past and current job performance.

Plaintiff Smith had less company seniority than Ms. Jackson and Mr. Saltzman, although she had spent more time in the position of WPA Administrator than Saltzman. Dolgencorp also claims that it had concluded that Ms. Jackson and Mr. Saltzman had more potential for job growth than Plaintiff. With respect to past job performance, Ms. Jackson and Mr. Saltzman received "Exceeds Standards" ratings on their 2006 performance reviews and "Very Good" ratings on their 2007 performance reviews, while Plaintiff received a "Standard" rating on her 2006 performance review and a "Very Good" rating on her 2007 review. In terms of current job performance, Defendants' Selection Assessment Tool rated Plaintiff's year-to-date 2008 performance as "Needs Improvement" while rating Mr.

Saltzman as "Very Good" during the same time period. Defendants have not produced documentation supporting the decline in Plaintiff's performance rating. Furthermore, the person responsible for giving Plaintiff her year-to-date 2008 performance review rating, Christopher Murabito, had no supervisory responsibility for Plaintiff and did not review her personnel file prior to rating her. Murabito claims to have had "conversations specific to Marcia Smith, Paul Saltzman and LeWanda Jackson" with various managers prior to completing Plaintiff's 2008 year-to-date review. [Doc. # 66, Ex. 8 at 10.] However, Plaintiff's direct supervisor, David Burgoon, did not recall playing a role in Plaintiff's performance review. [Doc. # 66, Ex. 10 at 4.]

Plaintiff Smith's position was eliminated on February 4, 2009. Plaintiff was 57 years old at the time of her termination. Mr. Saltzman was 31 years old and Ms. Jackson was 56 years old. At the time of Plaintiff's termination, 8 of the 9 employees in the WMS department were women. Of the 13 exempt employees terminated at the Fulton Distribution Center as part of the reduction in force, 7 were men while 6 were women, and 9 were under the age of 40 while 4 were over the age of 40.

## II. Discussion

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record] which it believes demonstrate the

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the non-moving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a district court must look at the record and any inferences to be drawn from it in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248.

A. **Age Discrimination**

Both the ADEA and MHRA prohibit age discrimination. To prevail on her age discrimination claim under the ADEA, Plaintiff Smith must show that she would not have been terminated "but-for" Defendants' discriminatory motive. *Gross v. FBL Fin. Servs.*, 129 S. Ct. 2343, 2351 (2009) (addressing ADEA claim). The MHRA is "less demanding," requiring Plaintiff to show that age was a "contributing factor" in her employer's adverse employment action. *See Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 820 (Mo. 2007); *Hill v. Ford Motor Co.*, 277 S.W.3d 659 (Mo. 2009). Under both the ADEA and MHRA, plaintiffs must establish their claims by a preponderance of the evidence. *Riley v. Lance, Inc.*, 518 F.3d 996, 1000 (8th Cir. 2008).

The parties disagree over whether the burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), is applicable to ADEA cases in the wake of the

Supreme Court's *Gross* decision. *See Baker v. Silver Oak Senior Living Management Co.*, 581 F.3d 684, 688 (8th Cir. 2009) (indicating that in the Eighth Circuit it is still unclear whether *McDonnell Douglas* burden shifting applies in ADEA cases). Regardless, the question of burden shifting only arises after Plaintiff has established a prima facie case of age discrimination; only then must a Defendant show a legitimate non-discriminatory reason for her termination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 540 U.S. 133, 142, 147 (2000) ("First, the plaintiff must establish a prima facie case of discrimination. . . . [I]t is not enough . . . to *dis* believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination.") (citations and internal quotations omitted); *see also Walton v. McDonnell Douglas Corp.*, 167 F.3d 423, 428 (8th Cir. 1999) ("[T]o defeat summary judgment, [plaintiff employee] must present affirmative evidence, not simply contend that a jury might disbelieve [the employer's] evidence.").

The parties agree that under both the ADEA and the MHRA, in the context of a reduction in force, a prima facie case of age discrimination consists of a showing: (1) that Plaintiff was at least forty years old, (2) that she met her employer's applicable job expectations, (3) that she suffered an adverse employment action; and (4) "some additional showing" that age discrimination was "a factor" in her termination. *Walton*, 167 F.3d at 427 (quoting *Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161, 1165-66 (8th Cir. 1985)); *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 855 (8th Cir. 2003); *Ward v. Int'l Paper Co.*, 509 F.3d 457, 460 (8th Cir. 2007); *Fast v. Southern Union Co.,* 149 F.3d 885, 890 (8th Cir. 1998). Even assuming that Plaintiff met her employer's applicable job expectations, she has

5

not presented affirmative evidence from which a reasonable jury could conclude that age discrimination was a factor in her termination.

The Eighth Circuit in *Chambers* clarified the "additional showing" of age discrimination required to make out a prima facie case under these circumstances:

> Replacement by a younger person is ordinarily sufficient circumstantial evidence to demonstrate that age was a factor in the termination decision, but not in a reduction in work force case where those duties either have been eliminated or must be redistributed within the employer's remaining work force. [*Yates v. Rexton, Inc.*, 267 F.3d 793, 799 (8th Cir. 2001).] Instead, to meet the prima facie burden in the reduction in force context, the plaintiff "must come forward with some additional evidence that age played a role in his termination." *Id.* "A plaintiff may meet the last requirement by presenting either statistical evidence (such as a pattern of forced early retirement or failure to promote older employees) or 'circumstantial' evidence (such as comments and practices that suggest a preference for younger employees)." *Hanebrink v. Brown Shoe Co.*, 110 F.3d 644, 646 (8th Cir. 1997).

*Chambers*, 351 F.3d at 855-56.

Here, both parties agree that this is a reduction in work force case. Therefore, as a threshold matter, the Court must determine whether Plaintiff Smith has presented affirmative evidence – e.g., statistical or circumstantial – that age played a role in her termination. First, Plaintiff cites no statistical evidence in her favor. In fact, the statistical pattern of the reduction in force at the Fulton Distribution Center cuts against Plaintiff's age discrimination claims; Plaintiff does not dispute that 9 of the 13 exempt employees terminated were under the age of 40, while only 4 were over the age of 40. [Doc. # 66 at 6.]

Nor has Plaintiff Smith presented circumstantial evidence of age discrimination. Plaintiff admitted in her deposition testimony:

6

> A: There was nothing said to me as for a reason [for the termination]. Upon repeated requests for reasons, I was given none, so I had nothing to base it on other than age and gender because I had long – longevity in that position, my position was – and ratings were very good. That other criteria might or might not have entered into it is irrelevant from my standpoint. Those are the only two things left.
> Q: Is it correct that no one at Dollar General or Dolgencorp made any express statements to you that your selection had anything to do with your sex or your age? Is that a true statement?
> A: That's true. They made no statements to me whatsoever.
> . . .
> Q: So the facts that support your belief that it's age and gender are, one, that you had more seniority in the position over Paul [Saltzman] . . . . And two, that they didn't give you any reasons? . . . What other facts support your belief that your selection was based on your age and your gender?
> A: That's all I have at my disposal because I was given no facts.

[Doc. # 60, Ex. B at 33-35.] Far from adducing affirmative circumstantial evidence, Plaintiff admits that her discrimination allegations are based only on Defendants' alleged unresponsiveness and her belief that Defendants should have given more weight to positional seniority rather than company seniority. *But see Cooney v. Union Pacific R.R. Co.*, 258 F.3d 731, 736 (8th Cir. 2001) (rejecting an argument that an alternative seniority policy would have had a less adverse impact on plaintiffs because it "does nothing to show that [the employer] intentionally discriminated on the basis of age . . . .").

Even in her Brief in Opposition to Defendants' Motion for Summary Judgment, Plaintiff Smith does not present affirmative evidence of age discrimination. Rather, Plaintiff shifts from her argument that she met her employer's job expectations straight to her contentions that Defendants' stated reasons were a pretext, pausing only momentarily to make the unsupported assertion that "Plaintiff can create the required inference either

7

through statistical or circumstantial evidence." [Doc. # 66 at 20.] Nor does Plaintiff argue that Defendants' criteria were discriminatory per se; she merely says that they could be "manipulated to produce any result that Defendants' [sic] desired, including a result that unlawfully discriminated against Plaintiff based on her age." *Id.* at 21.

Having sidestepped the required showing of affirmative evidence of age discrimination, Plaintiff offers a detailed critique of Defendants' procedures for making personnel decisions:

> Plaintiff's 2006 appraisal was based on her job performance as a WMS Administrator while Mr. Saltzman's appraisal was for his work as a Leadership Trainee Trainer, a lower-level position with no supervisory or management responsibilities. [Dolgencorp's representative's] affidavit also fails to acknowledge, or even mention, that at the time of Plaintiff's 2006 performance appraisal she had worked as a WMS Administrator for only three and one-half months. Finally, although the affidavit notes the difference between the descriptive ratings that Plaintiff and Mr. Saltzman received in 2006, it fails to acknowledge, or even mention, the numerical score that was the basis for Plaintiff's descriptive rating . . . [which] was only one one-hundredth of a point below the numerical score required for a rating of "Exceeds Standards" . . . that Mr. Saltzman received for 2006.

[Doc. # 66 at 22 (citations omitted).]

In the absence of affirmative evidence of age discrimination sufficient to establish her prima facie case, the Court must decline Plaintiff's invitation to reassess Defendants' business judgment in deciding which employees to terminate. "[I]t is not the role of this court to sit as super-personnel department to second guess the wisdom of a business's personnel decisions." *Evers v. Alliant Techsystems, Inc.*, 241 F.3d 948, 957 (8th Cir. 2001) (internal quotations omitted). Without a showing of discrimination against a protected class,

8

"it is not unlawful for an employer to make employment decisions based upon poor job performance, erroneous evaluations, personal conflicts between employees, or even unsound business practices. . . ." *Id.* at 959.

Plaintiff Smith has not met her burden under either the ADEA or the MHRA because she has not established a prima facie case that age discrimination was a factor in her termination. She has failed to meet the non-movant's burden on a motion for summary judgment to point to specific facts showing a genuine issue for trial. Therefore, the Court grants summary judgment for Defendants on Plaintiff's age discrimination claims.

**B.     Gender Discrimination**

The parties agree that the *McDonnell Douglas* framework does apply to claims of sex discrimination under Title VII and the MHRA. [Docs. # 60 at 16; # 66 at 29.] Again, before any burden shifting can occur, Plaintiff Smith "must first demonstrate that she (1) is a member of a protected class; (2) was qualified to perform her job; (3) suffered an adverse employment action; and (4) was treated differently from similarly situated males." *Hesse v. Avis Rent A Car System, Inc.*, 394 F.3d 624, 631 (8th Cir. 2005) (citation omitted).

Here, Plaintiff has not adduced affirmative evidence of gender discrimination. Statistical evidence shows that 7 of the 13 exempt employees terminated were men and 6 were women. [Doc. # 66 at 6.] Furthermore, during her deposition, Plaintiff testified as follows:

> Q: Is it correct that no one at Dollar General or Dolgencorp made any express statements to you that your selection had anything to do with your sex or your age? Is that a true statement?

9

> A: That's true. They made no statements to me whatsoever.
> . . .
> Q: So the facts that support your belief that it's age and gender are, one, that you had more seniority in the position over Paul [Saltzman] . . . . And two, that they didn't give you any reasons? . . . What other facts support your belief that your selection was based on your age and your gender?
> A: That's all I have at my disposal because I was given no facts.

[Doc. # 60, Ex. B at 34-35.]

Plaintiff has simply failed to offer any affirmative evidence of gender discrimination. Her Brief in Opposition to Defendants' Motion for Summary Judgment devotes only one page to her gender discrimination theory, in which she summarily asserts: "The evidence necessary to establish a prima facie case for Plaintiff's age-related claims under both the ADEA and the MHRA is also sufficient to establish a prima facie case of sex discrimination under Title VII and the MHRA." [Doc. # 66 at 29.] The Court has already concluded that Plaintiff failed to present affirmative evidence necessary to establish a prima facie case for her age discrimination claims. Thus, Plaintiff's vague reference to this same "evidence" in the context of her gender discrimination claims is insufficient to survive summary judgment.

Finally, having determined that Plaintiff Smith has failed to submit sufficient evidence to survive Defendants' Motion for Summary Judgment on her ADEA, MHRA, and Title VII claims, it is unnecessary to determine whether Dollar General qualified as her "employer."

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion for Summary Judgment [Doc. # 59] is GRANTED.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: November 2, 2010
Jefferson City, Missouri